JUDGE FURMAN

15 CV 02954

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENNIS DIAZ,

                    Plaintiff(s),

-against-

CITY OF NEW YORK, Police Officer PETER ANSELMO
and Police Officer(s) "JOHN DOE 1-2", as fictitious name
of real individuals whose true identities are unknown at the
present time

                    Defendant(s).
------------------------------------------------------------------X

CIVIL ACTION #:

**COMPLAINT**

RECEIVED
APR 16 2015
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by his attorneys, **GREENBERG & STEIN, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

## STATEMENT OF JURISDICTION

1. That at the time of the commencement of this action, Plaintiff **DENNIS DIAZ**, resided in the County of New York, State of New York.

2. That the cause of action alleged herein arose in the County of New York, City and State of New York.

3. That this action falls within one or more of the exceptions set forth in CPLR §1602.

4. That on April 18, 2012, and at all times herein mentioned, Defendant **CITY OF NEW YORK** was, and still is, a municipal corporation.

5. That prior hereto on July 17, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller of the City of New York and that thereafter said

Comptroller for the City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6. That, prior to August 7, 2013 a hearing was held in the offices of the Civilian Complaint Review Board and most of the allegations made by Plaintiff against Defendants **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2** were substantiated.

7. That this action is being commenced within the time allowed by law.

8. That at all times hereinafter mentioned, Defendants **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2** were, and still are, duly sworn police officers, employees of the Defendant **CITY OF NEWYORK** and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned, the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Defendants **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2**, individually and in their official capacities, alleged herein were done by said defendants while acting within the scope of their employment by Defendant **THE CITY OF NEW YORK**.

11. Each and all of the acts of the Defendants **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2**, individually and in their official capacities, alleged herein were done by said defendants while acting within the furtherance of their employment by Defendant **THE CITY OF NEW YORK**.

## STATEMENT OF THE FACTS

12. That on April 18, 2012, and at all times herein mentioned, a public thoroughfare and sidewalk existed in the City, County and State of New York located in front of 134 Avenue D, Manhattan.

13. That on April 18, 2012, and at all times herein mentioned, the Defendant **CITY OF NEW YORK** by its servants, agents and/or employees, to wit, **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2**, while acting under the color of State Law, acting pursuant to the policies and practices set by the executive and/or legislative branches of the government of the Defendant **CITY OF NEW YORK** and while in the furtherance of their duties as police officers, intentionally, willfully and recklessly stopped, frisked, searched, threatened and were discourteous to the Plaintiff without provocation.

14. At no time did the Defendant officers possess probable cause to stop, frisk and search the Plaintiff.

15. At no time did the Defendant officers possess information that would lead a reasonable officer to believe s/he had probable cause to stop, frisk and search the Plaintiff.

16. At no time did Plaintiff given the officers reason to threaten him and to e discourteous to him.

17. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 24 U.S.C. §1983

18. Plaintiff repeats, re-alleges and reiterate each and every allegation set forth above with the same forth and effect as if fully set forth herein and at length.

19. That on or about April 18, 2012, the Defendant **CITY OF NEW YORK**, and by

its agents, servants and/or employees to wit, **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE(S)" 1-2** conspired to and did violate the civil rights and civil liberties of the Plaintiff **DENNIS DIAZ** in violation of Title 42 U.S.C § 1981 & 1983 *et seq.*, the United States Constitution and Bill of Rights, and the New York State Constitution.

20. That the violation of the Plaintiff **DENNIS DIAZ's** civil rights resulted from the wrongful acts of the Defendant **CITY OF NEW YORK**, its agents, servants and/or employees, to wit, **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE" 1-2** upon Plaintiff, in violation of the Title 42 U.S.C. §1983 and §1981 *et seq.*, the United States Constitution and Bill of Rights.

21. That on or about April 18, 2012, Defendant **CITY OF NEW YORK**, its agents, servants and/or employees to wit, **POLICE OFFICERS PETER ANSELMO AND "JOHN DOE" 1-2** did violate the civil rights and civil liberties of the Plaintiff **DENNIS DIAZ** in violation of the Title 42 U.S.C. §1983 and §1981 *et seq.*, the United States Constitution and Bill of Rights.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and New York City Police Department, all under the supervision of the ranking officers of said department.

24. Defendants, collectively and individually, were acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25. That as a result of the acts of the Defendants, their agents, servants and/or employees. Plaintiff demands punitive damages and reasonable attorney's fees all in amount which exceeds jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNLAWFUL SEARCH UNDER 42 U.S.C. §1983

26. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

27. As a result of the foregoing Plaintiff was subjected to an unreasonable and intrusive search of his person that shocks the conscience in violation of his right to due process and to be free from unreasonable search as secured by the Constitution of the United States.

28. As a result of the aforesaid conduct by Defendants, Plaintiff's person and possessions were illegally, improperly and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as secured by United States Constitution.

## AS AND FOR A THIRD CAUSE OF ACTION FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

29. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

30. Plaintiff was stopped, frisked, searched and threatened in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said "stop and frisk" would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Those customs, policies, patterns, and practices include, but not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;
   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;
   iv. failing to properly train police officers in the requirements of the United States Constitution.

34. The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, inter alia, the following unconstitutional outcomes:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;
   iii. falsifying evidence and testimony to support those arrests;
   iv. falsifying evidence and testimony to cover up police misconduct;
   v. subjecting individuals to intrusive strip searches in the absence of particularized suspicion.

35. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

36. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

38. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department Plaintiff was unlawfully detained.

39. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

40. Defendants, collectively and individually, while acting under the color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

41. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to:

   i. not to be deprived of liberty without due process of law;
   ii. to be free from seizures and arrest not based upon probable cause;
   iii. to be free from search not based upon the constitutionally mandated level of cause or suspicion;
   iv. to be free from unwarranted and malicious criminal prosecution;
   vi. to receive equal protection under the law;

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   New York, New York
         March 26, 2015

                                            Yours, etc.

                                            _____
                                            JOSHUA N. STEIN

GREENBERG & STEIN, P.C.
Attorney for Plaintiff(s)
Dennis Diaz
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535
Our File No. 5982-JNS

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK

COUNTY OF NY       ss:

DeNNis DiAz                , being duly sworn, says:

I am a Plaintiff in the action herein:

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

DATED:   New York, New York
         April 6         , 2015

x) _____

Sworn to before me this
6 day of April , 2015

_____
Notary Public

NELSON NIEVES
Notary Public, State of New York
No. 01NI6053074
Qualified in Richmond County
Commission Expires Jan. 2, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS DIAZ,

                        Plaintiff(s),

      -against-

CITY OF NEW YORK, Police Officer PETER ANSELMO and Police Officer(s) "JOHN DOE 1-2", as fictitious name of real individuals whose true identities are unknown at the present time

                        Defendant(s).

---

### SUMMONS, COMPLAINT & JURY TRIAL DEMAND

---

### GREENBERG & STEIN, P.C.
*Attorneys for 'Plaintiff(s)"*
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535

---

TO: